UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20540-CR-MARTINEZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

HIKMET PEREZ,                  **REPORT AND RECOMMENDATION**

        Defendant.
_____/

On or about August 5, 200808, court-appointed defense counsel Neal Gary Rosensweig ("Mr. Rosensweig" or "Counsel") submitted a voucher, No. FLS 07 2648-02 ("the voucher"), with appended time sheets requesting $2,610.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Mr. Rosensweig represented Defendant Hikmet Perez ("Defendant" and/or "Perez") for approximately seventeen (17) months, from his appointment on 2/28/07 to 7/30/08.

In the voucher at issue here, Counsel only seeks compensation for the period of representation in this case from 4/1/08 through 7/30/08 related to the re-sentencing of Perez. Counsel seeks $2,610.00 in his application, an amount which exceeds the $1,500.00 maximum allowed for re-sentencing hearings. As a result, the Honorable Judge Jose E. Martinez referred the voucher to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

**Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act**

The United States Judicial Conference developed guidelines to assist courts in the application of the Criminal Justice Act compensation provisions. *See In re Burger*, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines for Administration of the Criminal Justice Act (the "Guidelines"), judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed

counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed Counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves "extended" or "complex" representation, and that the amount is necessary to provide Counsel with fair compensation. 18 U.S.C. §3006A(d)(3). If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *See* Section §2.22B(3) of the Guidelines. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

Here, the applicable CJA maximum allowed compensation amount for a re-sentencing is $1,500.00. Counsel's fee request exceeds this maximum allowed compensation amount. Consequently, in order for me to recommend the approval of the fee voucher request, I must conclude that this case involve "extended" or "complex" representation, and that the amount requested is necessary to provide Counsel with fair compensation. I do not find this to be such a case.

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Counsel listed 0.5 in-court hours at $100/hour incurred on 7/30/08. After verifying the in-court time with the Court's minutes, the CJA administrator made no changes to this amount.

The CJA administrator reviewed the $2,610.00 billed for 26.1 out-of-court hours as follows: 7.3 hours for "Interviews and conferences"; 3.3 hours for "Obtaining and reviewing records"; 10.4 hours for "Legal research and brief writing", 4.40 hours for "Travel time" and .07 hours for "Investigative and other work." The administrator made no changes to this amount. No additional time or expenses were claimed.

The only correction the CJA administrator made to the fee request was a mathematical error. Counsel incorrectly computed the total amount of hours for which he seeks compensation as only 26.1 hours when the correct total is 26.6 hours. As adjusted, the corrected total of the fee request therefore is $2,660.00.

### *Undersigned's Review and Recommendation*

In making this recommendation, this Court reviewed the fee request and time sheets submitted, and the case record as it relates to Counsel's representation of Defendant.

As a matter of background, in August 2006, Defendant was indicted in a two count indictment for manufacturing and possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and for leasing, renting or using a place for the purpose of manufacturing and distributing a controlled substance, marijuana, in violation of 21 U.S.C. § 856(a)(1). Defendant entered a guilty plea on November 7, 2006. [DE # 21]. Defendant was sentenced on January 19, 2007 to 60 months in prison. [DE # 23].

Defendant filed a notice of appeal of his sentence. Defendant was represented by Mr. Rosensweig on appeal. On appeal, the government confessed error. The United States Court of Appeals for the Eleventh Circuit vacated the sentence and remanded the matter to the district court for re-sentencing. [DE # 45]. Defendant was resentenced by the Honorable Judge Jose E. Martinez on July 30, 2008. Mr. Rosensweig now seeks compensation for his representation of Defendant with respect to Defendant's re-sentencing.

### In-Court Hours

Counsel seeks $ 50.00 for 0.5 in-court hours at a rate of $100.00/hour spent at the re-sentencing hearing on July 30, 2008. The CJA Administrator made no corrections to this time. I approve this amount as reasonable.

### Out-of-Court Hours

Counsel seeks $2,610.00 for 26.1 out-of-court hours at a rate of $100.00/hour spent on this case. I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories.[1] I conclude that some of the time spent out-of-court by Counsel on this case is excessive. As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith*, 76 F.Supp.2d 767, 769 (S.D. Texas 1999).

I commend Mr. Driscoll for his professionalism and willingness to take this and other appointments over the years; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, the courts have the inherent obligation to ensure that claims for taxpayer provided monies are justified. *See id.* at 768. I find some of the out-of-court time spent by Counsel in this matter to be

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

excessive and I conclude that a reduction is necessary.

Specifically, I conclude that the 10.4 hours spent by Counsel researching "safety-valve cases" and preparing for the 30 minute re-sentencing hearing is excessive.[2] This time is excessive because Mr. Driscoll was Defendant's counsel on appeal and the safety-valve issue was at the heart of Defendant's appeal to the United States Court of Appeals for the Eleventh Circuit. It was therefore unnecessary for Mr. Driscoll to spend 10.4 hours researching safety-valve cases which he was undoubtedly already familiar with prior to the re-sentencing hearing. Accordingly, I recommend that Judge Martinez reduce the 10.4 hours incurred by Mr. Driscoll on these tasks to 2.0 hours. The new total is $200.00.

Mr. Driscoll also seeks reimbursement for 7.3 hours spent in interviews and conferences. I also find that this time is excessive. Among the entries in this category for which Mr. Driscoll seeks compensation are four entries totaling 7.1 hours for meeting and "debriefing" with Defendant on 7/14/08, 7/17/08, 7/21/08 and 7/28/08. I find this time to be excessive. The mandate from the United States Court of Appeal for the Eleventh Circuit was only one page long. 7.1 hours of meetings and debriefings with Defendant were not required under the circumstances of this case. I recommend that Judge Martinez reduce the time spent in interviews and conferences to a total of 4.1 hours.[3] The new total is $410.00.

---

[2] According to the time sheets submitted by Counsel, he spent 4.5 hours on 7/15/08 "Research[ing] safety-valve", 3.5 hours on 7/19/08 "Research[ing] safety-valve cases in preparation for re-sentencing hearing" and 2.4 hours on 7/30/08 "Research[ing] safety-valve cases in preparation for re-sentencing hearing".

[3] Mr. Driscoll seeks compensation for 1.9 hours for "Meet[ing] with client, interpreter, at FDC Miami on 7/21/08". I recommend that Judge Martinez only compensate Counsel for 1.00 hour for this task. Similarly, I recommend that Judge Martinez reduce Counsel's entry of 3.3 hours for "Debriefing with client, government, at federal courthouse, Miami" on 7/28/08, to 1.00 hour.

I conclude that the remainder of the out-of-court hours spent by Counsel on this matter were reasonably expended. I also once again commend Mr. Driscoll for his continued professionalism in this case and the many other cases that he has agreed to accept as CJA counsel over the years.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to Counsel's voucher, I am **RECOMMENDING** that Counsel be paid the $1,500.00, the statutory maximum, as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Respectfully submitted this 9th day of October, 2008.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

   Honorable Judge Jose E. Martinez
   Gary Neal Rosensweig, Esq.
   Lucy Lara, CJA administrator