UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 06-20540-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HIKMET PEREZ,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

This matter came before the Court upon the Report and Recommendation issued by United States Magistrate Judge Peter R. Palermo on October 9, 2008. The Report and Recommendations recommends that counsel Neal Gary Rosensweig, Esq., be paid **$1,500.00** for his representation of the defendant in this matter.[1]

Mr. Rosensweig has timely filed objections, arguing that he should be compensated $2,660.00 for 26.6 hours of work.[2] More specifically, Mr. Rosensweig has disputed the Magistrate Judge's finding that 10.5 hours spent researching safety-valve cases and 7.3 hours spent in interviews and conferences was "excessive." Mr. Rosensweig described the use of his time in detail in his objections.

---

[1] Mr. Rosensweig represented Defendant on an appeal of his sentence and on re-sentencing. Defendant had entered a guilty plea for manufacturing and possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) and for leasing, renting, or using a place for the purpose of manufacturing and distributing a controlled substance, marijuana, in violation of 21 U.S.C. § 856(a)(1). He was sentenced to 60 months in prison. On appeal, the government confessed error, and the Eleventh Circuit remanded the matter to this Court for re-sentencing. Mr. Rosensweig now seeks compensation for his representation of Defendant on re-sentencing.

[2] In his voucher, Mr. Rosensweig originally requested $2,610.00 for 26.1 hours of work. This, however, was due to a computing error that has been corrected.

The Court agrees with Mr. Rosensweig that the time he billed on this case was not "excessive." More is required, however, in order for this Court to permit a fee in excess of the Criminal Justice Act ("CJA") statutory maximum of $1,500.00. *See* 18 U.S.C. § 3006A(d)(2)-(3). Specifically, the Guidelines for Administration of the Criminal Justice Act ("Guidelines") require that payments in excess of the compensation maximums be made only in cases involving "complex" or "extended" representation. Guidelines § 2.22B(3). "Complex" cases are those where "the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case." *Id.* "Extended" cases are those where "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." *Id.* Mr. Rosensweig has not asserted that this case was a "complex" one. Rather, he has asserted it was "extended." Mr. Rosensweig has not, however, pointed to any factors showing that more time was reasonably required for total processing than the average case. His assertions about the time required, including time spent reviewing cases he had first examined more than a year before and time lost to translation during each interview with his client, do not represent anything so unusual as to be outside the scope of the time required by the average case. Thus, this Court cannot say that the representation was "complex" or "extended."

Under the Guidelines, a determination that a case is "extended" or "complex" is a threshold determination. Guidelines § 2.22B(3). Only if the Court determines that the case was "complex" or "extended" may the Court then consider the "magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee." *Id.* In this case, the Court does not question

that relevant and material circumstances exist that make the fee Mr. Rosensweig has requested a fair and reasonable one. Nonetheless, the Court is not permitted to consider such factors in this case, because the threshold requirement that the case be "complex" or "extended" has not been met. Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Peter R. Palermo's Report and Recommendation is hereby **ADOPTED and AFFIRMED**. It is **ORDERED** that Mr. Rosensweig be paid **$1,500.00** for his representation of Defendant in this matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16 day of October, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Peter R. Palermo
Neal Gary Rosensweig, Esq.
Lucy Lara, CJA Administrator